IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GREYHOUND LINES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:08cv516-WHA |
| ) | (WO) |
| GOODYEAR TIRE & RUBBER CO., ) | |
| ) | |
| Defendant. ) | |

**ORDER AND RECOMMENDATION**

Plaintiff filed its complaint in this action on June 30, 2008. The parties held planning meetings on July 30 and 31 and on August 5, 2008, and the court entered its Rule 16 scheduling order on August 13, 2008. Despite the fact that this case has been pending for barely three months, communications between counsel have already broken down over the scheduling of certain 30(b)(6) depositions. In a series of increasingly vitriolic and accusatory letters, each side insists on having its own way with regard to the depositions, blames the other side for failing to be reasonable or to follow the rules, and threatens to invoke the power of the court to rebuke or sanction the other side. See Doc. # 16 (Exhibits A-U).  The defendant has now escalated the dispute by filing a motion to dismiss for failure to prosecute or, in the alternative, motion for sanctions on October 9, 2008.  Doc. # 17.

The Guidelines to Civil Discovery Practice in the Middle District of Alabama clearly set out this court's expectation that discovery in this district will be practiced "with a spirit of ordinary civil courtesy," and that "discovery will proceed without the intervention of the court." See Guideline 1, "Discovery in General," § A. "Courtesy." While the court may

impose sanctions for a party's failure to appear for its own properly noticed Rule 30(b)(6) deposition, Fed. R. Civ. P. 37(d)(1)(A), and it will not hesitate to do so when appropriate, the discovery guidelines also provide that "[a] courteous lawyer is normally expected to accommodate the schedules of opposing lawyers. In doing so he can either prearrange a deposition or notice the deposition while at the same time indicating a willingness to be reasonable about any necessary rescheduling." Guideline II, "Depositions," §A. "Scheduling." In addition, Section 5 of the General Order of this court entered on November 22, 1993 provides that the court "will not consider any motion relating to discovery ... unless the motion is accompanied by a written certification that the moving party has made reasonable good-faith effort to reach agreement with opposing counsel on the matters set forth in the motion."

In this instance, it appears to the court that both parties have violated the letter and spirit of the applicable rules. Plaintiff's counsel has failed to respond within a reasonable time to correspondence from defense counsel and refused to produce his clients for noticed depositions without first seeking a protective order from the court.[1] Defense counsel has adopted an inflexible and uncompromising position on the scheduling of the noticed depositions and an unnecessarily accusatory tone in his correspondence. He has also failed to make a reasonable good faith effort to reach agreement with opposing counsel on the matters set forth in his motion. Under these circumstances, the parties' confidence that the court would inevitably vindicate their respective sides in this dispute is misplaced. Instead, what the court

---

[1] Plaintiff's counsel did notify defense counsel that counsel and/or witnesses would not be available on the noticed dates. Ordinarily, counsel are able to agree to reschedule depositions without the necessity for a protective order.

will reaffirm here – and *both* parties will ignore at their peril – is its firm expectation that they will conduct discovery in this case in the future consistently with all applicable rules in a spirit of good faith and cooperation, without pointless and costly finger-pointing and recrimination.

Accordingly, it is

ORDERED that counsel for the parties are DIRECTED to confer -- either in person or by telephone -- on or before October 20, 2008 in order to schedule the Rule 30(b)(6) deposition(s) of plaintiff's corporate representatives and Leslie Croswell at a time and place convenient to all parties, with such depositions to be held no later than November 16, 2008. Counsel for defendant is responsible for initiating this conference. It is further the

RECOMMENDATION of the Magistrate Judge that defendant's motion to dismiss for failure to prosecute or, in the alternative, motion for sanctions (Doc. # 17), filed on October 9, 2008, be DENIED. "The district court ... has broad authority under Rule 37 to control discovery, including dismissal as the most severe sanction." Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999). Rule 41(b) of the Federal Rules of Civil Procedure provides that "for failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed. R. Civ. P. 41(b). A district court may dismiss a case pursuant to Rule 41(b) only "as a last resort, when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." World Thrust Films, Inc v. International Family

Entertainment, Inc., 41 F.3d 1454, 1456 (11th Cir. 1995).  Here, the court concludes that the motion is due to be denied because: (1) defendant's motion lacks the certification required by the General Order; (2) the exhibits attached to defendant's motion do not demonstrate a good faith effort to resolve this matter without the intervention of the court; and (3) sanctions are not warranted on the present record.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action.  The parties are DIRECTED to file any objections to this Recommendation on or before October 23, 2008.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993);  Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 10th day of October, 2008.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE