IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GREYHOUND LINES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:08cv516-WHA |
| ) | (WO) |
| THE GOODYEAR TIRE & RUBBER CO., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This case is before the court on a Motion for Partial Summary Judgment on Plaintiff's Property Damage Claim (Doc. #87) filed by the Goodyear Tire & Rubber Co. ("Goodyear") and a Motion for Oral Argument (Doc. #109) filed by Greyhound.[1]

Goodyear has moved for summary judgment on the Plaintiff, Greyhound Lines, Inc.'s ("Greyhound") property damage claim for damage to a bus. Goodyear contends that, because Greyhound repaired the bus without first allowing Goodyear to inspect it, this is the only adequate sanction, and it is the only one requested.

For reasons to be discussed, the Motion for Summary Judgment is due to be DENIED.

---

[1] The parties have thoroughly briefed the issues and the court does not find that oral argument would be helpful in resolving the Motion for Partial Summary Judgment.

## II.  FACTS

The submissions of the parties establish the following facts, viewed in a light most favorable to the non-movant:[2]

This lawsuit arises from an accident involving a bus owned by the Plaintiff, Greyhound. Greyhound has brought claims against Goodyear, claiming that Goodyear's product, a tire, caused the accident, and seeking, in part, damages relating to the repair of the bus.

There is no dispute that the bus was damaged in the accident at issue and that it was repaired many months before this suit was filed, without notifying Goodyear and giving Goodyear an opportunity to inspect the bus before it was repaired.  Goodyear, however, disputes the extent of the performance and reasonableness of the repairs to the bus. Goodyear specifically points to the deposition testimony of James Minton, a Greyhound Rule 30(b)(6) deponent, in which he states that costs reflected in a Bus Damage Computation provided to Goodyear were greater than those reflected in his own report of the repairs to the bus. Goodyear contends that because it was not allowed to inspect the bus before it was repaired, it has been prejudiced in its ability to defend against the damage claim.

## III. DISCUSSION

As stated above, Goodyear has moved for partial summary judgment only as to Greyhound's property damage claim for the cost of repairs to the bus.  Goodyear contends that the repair to the bus by Greyhound was spoliation of evidence essential to its ability to defend

---

[2] The evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).

the property damage claim. Goodyear states that without an opportunity to inspect the bus in its damaged condition, it cannot determine the extent of Greyhound's damages, or whether the claimed repairs were reasonable, necessary, or even performed. Greyhound seeks summary judgment on the issue of damages as a sanction for spoliation of the evidence.

          A. Legal Standard for Summary Judgment for Spoliation of the Evidence

The Eleventh Circuit has held that federal law governs the imposition of sanctions for spoliation of the evidence in a diversity suit because spoliation sanctions are an evidentiary matter. *Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944 (11th Cir. 2005). The Eleventh Circuit also has explained, however, that in evaluating the need for sanctions, federal courts look to factors enumerated in state law, because federal law does not set forth specific guidelines regarding sanctions for spoliation. *Id.*

In analyzing the propriety of sanctions for spoliation of the evidence, the Alabama Supreme Court applies five factors: (1) the importance of the evidence destroyed; (2) the culpability of the offending party; (3) fundamental fairness; (4) alternative sources of the information obtainable from the evidence destroyed; and (5) the possible effectiveness of other sanctions less severe than dismissal. *Story v. RAJ Properties, Inc.*, 909 So. 2d 797, 803 (Ala. 2005).

Although the Eleventh Circuit has looked to state law in analyzing spoliation of the evidence, the Eleventh Circuit has also outlined the boundaries of sanctionable conduct under federal law. In *Flury*, the circuit court explained that dismissal is the most severe sanction available, and should only be used where there is a showing of bad faith and where lesser sanctions will not suffice. *Flury*, 427 F.3d at 944. In describing the standard governing bad

faith, the Eleventh Circuit explained that the law does not require a showing of malice, but that instead, in determining whether there is bad faith, a court should weigh the degree of the spoliator's culpability against the prejudice to the opposing party. *Id.* at 946. Although the Eleventh Circuit was examining Georgia law in *Flury*, the court explained that "Georgia state law on spoliation is wholly consistent with federal spoliation principles." *Id.* at 944.

This court previously has been confronted with an issue related to sanctions for spoliation, namely, whether an adverse inference could be drawn based on failure to preserve evidence. *Drakeford v. Ala. Coop. Extension Sys.*, 416 F. Supp. 2d 1286 (M.D. Ala. 2006). In that case, this court, relying on *Bashir v. Amtrak*, 119 F.3d 929, 931 (11th Cir. 1997), determined that an adverse inference was not required because such an inference is only allowed upon a showing of bad faith.

In an unpublished decision, the Eleventh Circuit cited *Bashir* and *Flury* together, and noted that a district court's drawing of an adverse inference had to be supported by a finding of bad faith under *Bashir*, and that it was proper for a court, not the jury, to find bad faith, because the inference is a sanction for the failure to preserve evidence. *See BP Products N.A., Inc. v. SE Energy Group, Inc.*, 282 Fed. Appx. 776, 2008 WL 2485589 at 780 n. 3 (11th Cir. June 23, 2008).

The law to be applied in this case, where the only sanction sought is summary judgment, therefore, is that only if there is a finding of bad faith, determined by weighing the degree of the spoliator's culpability and prejudice to the opposing party, and only if no lesser sanction will suffice, may a sanction as severe as summary judgment be imposed.

B. Analysis

4

In moving for partial summary judgment in this case, Goodyear relies on cases from the Alabama Supreme Court, including one in which summary judgment was granted because the plaintiff had repaired the stucco on his home without allowing a defense inspection of the stucco, and the defendant's experts testified that they could not form an opinion as to causation based on photographs of the damaged stucco. *See Story v. RAJ Prop., Inc.*, 909 So. 2d 797 (Ala. 2005).

Greyhound responds that in the cases relied on by Goodyear, the spoliated evidence was evidence relevant to the causation inquiry. Here, Greyhound preserved the tire, which is the evidence relevant to causation. Greyhound further contends that, even if Goodyear were able to prove intent, Greyhound is not guilty of bad faith.

This court's first duty, as charged by the Eleventh Circuit under *Flury*, is to examine the evidence of bad faith. Goodyear has not presented evidence of malice on the part of Greyhound. Goodyear instead states that Greyhound acted willfully because it recognized its responsibility to allow potential litigants to inspect the bus, placing a "legal hold" on the bus while attorneys for injured passengers inspected it, but then repaired the bus without advising Goodyear and giving Goodyear an opportunity to inspect the bus before the repairs were made.

Because there is no evidence of malice, to determine whether there is bad faith, this court has been instructed to weigh the culpability of Greyhound and the prejudice to Goodyear. *Flury*, 427 F.3d at 926. As stated above, the only evidence of culpability presented by Goodyear is evidence suggesting that Greyhound acted willfully by not inviting Goodyear, as a potential defendant in a future claim by Greyhound to recover property damage, to inspect the bus before it was repaired. On the issue of prejudice to Goodyear, Goodyear contends that it has been prejudiced because evidence of the bus before it was repaired would have been

extremely important to its defense. Goodyear argues that without an opportunity to inspect the bus in its damaged condition, Goodyear cannot determine the extent of the claimed damages, or whether the claimed repairs were actually reasonable, necessary, or even performed. Goodyear further contends that it would be fundamentally unfair for Goodyear to have to defend the property damage claim where it has been prevented by the repair of the bus from gathering evidence essential to combat that claim. Goodyear contends that no other sources of evidence suffice because the only evidence produced by Greyhound is poor quality pictures of the damage.

In response, Greyhound states that contrary to Goodyear's representation, it has produced color copies of the photographs of the damage to the bus, and these photographs were available at the time of, and made exhibits to, James Minton's Rule 30(b)(6) deposition. Greyhound further states that Goodyear could have questioned the bus driver about the photographs of the damage to the bus during her deposition.[3]

In this case, there is no question that evidence of causation was preserved, there is no evidence of malice in the destruction of evidence of damage, the damage to the bus was photographed, and the evidence destroyed is only relevant to the extent of damage, it being conceded that damage occurred. Whether a defective tire was the cause of the bus to suffer

---

[3] Greyhound also points this court to *Cooper v. Toshiba Home Tech. Corp.*, 76 F. Supp. 2d 1269 (M.D. Ala. 1999), where no sanction was imposed for the destruction of a mobile home and heater. In that case, however, the heater alleged to have been the cause of the fire was not destroyed and there was no contention that the home or other heaters were relevant to the issue of damages. *Id.* at 1275. In this case, the court cannot conclude that the evidence of the damage to the bus before it was repaired might not be helpful evidence to Goodyear in its defense against the property damage claim.

damage is at issue in this case. Goodyear has had full access to the tire, and has had it inspected by its expert. Whether the bus was damaged in the wreck, however, is not an issue–it was. The extent of the damage cause by the wreck becomes an issue if liability is established.

It will be Greyhound's burden to prove its property damage. Goodyear is able to explore the legitimacy of claimed damages and repairs through such things as depositions of those who repaired the bus, obtaining records of any prior damages or repairs to the bus, etc., to attack the credibility of Greyhound's evidence offered in support of its claim, and to argue at trial that the burden of proof has not been met by credible evidence. Goodyear might also be able to obtain expert testimony of its own, based on evidence available, as to what a reasonable sum for property damage would be, or as to the unreasonableness of Greyhound's claim, or even that repair of the bus has made it difficult to refute Greyhound's claim.

Therefore, weighing the evidence in favor of the non-moving party, the court cannot conclude that Goodyear has sufficiently proven that Greyhound acted with such culpability, and that Goodyear suffered such substantial prejudice, so as to constitute bad faith for which only the sanction of summary judgment on the property damage claim would suffice.[4]

---

[4] Goodyear has not requested any sanction other than summary judgment. In an unpublished opinion, the Eleventh Circuit has affirmed the imposition of sanctions short of dismissal where the plaintiff was the more culpable party and caused the defendant substantial prejudice. *Graff v. Baja Marine Corp.*, No. 08-10413, 2009 WL 226308 at *2 (11th Cir. Feb. 2, 2009). While, as explained above, the state of the evidence at this point in the proceedings, when viewed in a light most favorable to the non-movant, does not warrant summary judgment on the damage claim, it could be that the state of the evidence at trial might warrant some lesser sanction.

## IV. CONCLUSION

For the reasons discussed, the court concludes that the Motion for Partial Summary Judgment on Plaintiff's Property Damage Claim is due to be denied. Accordingly, it is hereby ORDERED as follows:

1. The Motion for Oral Argument (Doc. #109) is DENIED.

2. The Motion for Partial Summary Judgment (Doc. #87) is DENIED.

Done this 24th day of March, 2009.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE